**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**BILBO BUSH,**                                                                             **PETITIONER**

**V.**                                                                                  **NO. 1:06CV85-M-D**

**LAWRENCE KELLY, ET AL,**                                                                  **RESPONDENTS**

**O P I N I O N**

This cause comes before the court on the petition of Bilbo Bush for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he was convicted, following a plea of *nolo contendere*, in October, 2001, in the Circuit Court of Itawamba County, Mississippi, of sexual battery. He was sentenced to serve 12 years in confinement, with four of the years suspended.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

Petitioner states that he filed a post-conviction action in the trial court under the Mississippi Uniform Post Conviction Collateral Relief Act (PCCRA), § 99-39-1, *et seq*., Miss. Code Ann. His petition was denied by the trial court on December 22, 2003. Although petitioner had the right to appeal the dismissal under the PCCRA to the Mississippi Court of Appeals or the Mississippi Supreme Court, he failed to do so. Consequently, the "state's highest court [has not had] a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief."

Accordingly, petitioner's state court remedies have not been exhausted and his petition must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 20th day of March, 2006.

                                   /s/ Michael P. Mills
                                 **UNITED STATES DISTRICT JUDGE**